UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Austin Christ,         Case No.   3: 25-cv-578

    Plaintiff

v.         ORDER OF TRANSFER
       (GRANTING DOC. NO. 6)

Jason Stiverson, *et al.*,

    Defendants

*Pro se* Plaintiff Austin Christ, an Ohio resident, has filed a fee-paid complaint in this case against Megan Stiverson, a Hillsdale County, Michigan district court judge; Jason Stiverson, a Michigan resident and lieutenant in Hillsdale County, Michigan; and the Hillsdale County, Michigan Jail.  (Doc. No. 1).  Plaintiff's complaint is unclear and difficult to decipher, but on its face it pertains to events that occurred in Michigan.  Plaintiff alleges his rights were violated after he experienced a medical emergency on April 20, 2023, and was taken into custody in the Hillsdale County, Michigan Jail.  (*See id.* at 4-5).  He seeks damages and other relief.

On May 5, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative to Transfer Venue to the Western District of Michigan, in which they assert among other things that all Defendants reside in, and all of the events of which Plaintiff complains occurred in, Michigan.  (*See* Doc. No. 6 at 5-7).

Plaintiff has not opposed Defendants' Motion although given ample time to do so.  Upon review, I will grant Defendants' unopposed Motion to Transfer Venue to the Western District of Michigan.  Regardless of the potential merit of Plaintiff's complaint, as to which I make no assessment, venue is improper in this judicial district.

Title 28 U.S.C. § 1391(b) provides that a civil action may be brought in: 1) a judicial district where any defendant resides, if all defendants are residents of the same State in which the district is

1

located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or 3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action might otherwise be brought.

No Defendant resides in this district; Plaintiff has not demonstrated or asserted that any events or omissions giving rise to his claims occurred in this district; and there is another judicial district where his action may otherwise have been brought (the District Court for the Western District of Michigan, where Defendants are located and the events giving rise to Plaintiff's claims occurred).

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Given that Plaintiff is proceeding *pro se*, I find it in the interest of justice to transfer this action to the district where it could have been brought.  *See, e.g., Janis v. Ashcroft, et al.*, 348 F.3d 491, 492-93 (6th Cir. 2003) (indicating that *pro se* complaint filed in a district lacking venue should be transferred to a district where it could have been brought rather than dismissed).  Accordingly, Defendants' Motion is granted to the extent it asks for the transfer of this action to the Western District of Michigan. (Doc. No. 6).  The motion is denied without prejudice to the extent they seek dismissal of this action and sanctions under 28 U.S.C. § 1927 in the form costs and attorney fees.

Pursuant to 28 U.S.C. § 1406(a), this action is hereby TRANSFERRED to the United States District Court for the Western District of Michigan, Southern Division for all further proceedings. I certify that an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
